### Valeria WARREN, Plaintiff,

v.

**D. SAKURI, Chicago Police Department Star No. 6573, W. Clucas, Chicago Police Department Star No. 19890, J. Swanson, Chicago Police Department Star No. 17115, and J. Cooper, Chicago Police Department Star No. 15615, Defendants.**

No. 97 C 8929.

United States District Court, N.D. Illinois, Eastern Division.

July 14, 1998.

David Carl Thomas, Chicago–Kent College of Law, Illinois Institute of Technology, Chicago, IL, for Plaintiff.

Joseph M. Polick, City of Chicago, Dept. of Law, Chicago, IL, Josh Michael Engquist, City of Chicago, Dept. of Law, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Valeria Warren has filed a seven count amended complaint against the City of Chicago and Chicago Police Officers D. Sakuri, W. Clucas, J. Swanson and J. Cooper (the "individual defendants") alleging violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and state common law, arising out of her arrest for criminal trespass to a vehicle. The individual defendants have moved to dismiss Counts I, III, V and VI for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendants' motion is denied in part and granted in part.

### Facts

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When evaluating a motion to dismiss for failure to state a claim, the court must accept as true all of the well pleaded factual allegations and give the plaintiff the benefit of all reasonable inferences that may be drawn from those facts. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Plaintiff alleges that on November 21, 1996, she was seized by the individual defendants for allegedly committing criminal trespass to a vehicle in violation of 720 ILCS 5/21–2. She was taken to the Chicago Police Department Station located at 6464 North Clark Street, Chicago. At the Clark Street Station defendants performed an inventory search of plaintiff and her clothing, but failed to find and remove a cigarette lighter. Because the Clark Street Station does not have

a women's lock-up, female detainees must be transported to the Nineteenth District Station House located at Belmont and Western. Rather than transport plaintiff to the Belmont Station, defendants handcuffed her to a wall in a room at the Clark Street Station while they processed her paperwork. While handcuffed, the cigarette lighter ignited, engulfing plaintiff's body and clothing in flames. Because of the handcuffs, plaintiff was unable to extinguish the flames. She screamed for help, but no one answered, despite the fact that one or more of the defendants were positioned immediately outside the room. As a result, plaintiff sustained severe burns over large portions of her body, causing her to undergo five separate surgeries including amputation of all five fingers of her left hand.

Plaintiff filed her initial complaint on December 29, 1997. Count I alleges failure to procure medical aid in violation of her Fourth Amendment rights. Count II alleges deliberate indifference to her medical needs in violation of her Fourteenth Amendment substantive due process rights. Counts III and IV assert claims for unlawful conditions of confinement in violation of the Fourth and Fourteenth Amendments, respectively. Count V is a claim for excessive force in violation of the Fourth Amendment, and Count VI is an excessive force claim under the Fourteenth Amendment. Count VII is a pendant state law claim against the City for willful and reckless conduct.

### Discussion

The individual defendants have moved to dismiss Counts I and III, arguing that because plaintiff's seizure was over, she was a "pretrial detainee" at the time of the alleged offense. According to defendants, a pretrial detainee's claim for medical aid and improper conditions of confinement are governed by the Fourteenth Amendment Due Process Clause, not by the Fourth Amendment. The court disagrees.

In *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court held that all claims of excessive force by law enforcement officials in the course of arrest, investigatory stop, or other seizure is properly analyzed under the Fourth Amendment's objective reasonableness standard, not the Fourteenth Amend-

ment's due process standard. *Graham* specifically left open the question whether the Fourth Amendment continues to provide individuals with protections against deliberate use of excessive physical force beyond the point at which an arrest ends and pretrial detention begins. 490 U.S. at 395 n. 10, 109 S.Ct. 1865.

That open question has generated a split of authority in the circuits, and some ambiguity within the Seventh Circuit. A comprehensive discussion of the case law regarding this issue can be found in Judge Castillo's exhaustive opinion in *Pyka v. Village of Orland Park*, 906 F.Supp. 1196, 1217–25 (N.D.Ill. 1995). In *Pyka*, Judge Castillo concluded that the Fourth Amendment applies to conduct that occurs after the initial seizure or arrest but before a formal hearing before a neutral magistrate. *Id.* at 1225. That conclusion is consistent with the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), in which the Court, holding that the Fourth Amendment applies to claims of pretrial deprivation of liberty, indicated a reluctance to expand the concept of substantive due process because "the guideposts for responsible decision making in this uncharted area are scarce and open-ended." *Id.* 510 U.S. at 271–72, 114 S.Ct. 807. Judge Castillo's conclusion is also consistent with Judge Posner's statement in *Villanova v. Abrams*, 972 F.2d 792, 796–97 (7th Cir.1992), in which he recognized two lines of cases, one that holds that the seizure is complete upon arrest and that the Fourth Amendment falls away thereafter (citing *Wilkins v. May*, 872 F.2d 190 (7th Cir.1989)), and the other analyzing the question under the Fourth Amendment rather than the Fourteenth Amendment Due Process Clause (citing *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). Judge Posner stated that the "two lines can be reconciled by recognizing that the Fourteenth Amendment governs the period of confinement between arrests without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause." *Id.* 972 F.2d at 797.

Defendant also argues that regardless of whether the arrest or seizure had ended at the time plaintiff was placed in the room, all claims for failure to provide medical care are properly brought only under the Fourteenth Amendment. This argument was rejected, however, in *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 595–96 (7th Cir. 1997), in which the court held that the Fourth, not the Fourteenth Amendment, was the proper standard for claims of failure to provide medical care during the period of confinement incident to the arrest or seizure, prior to that point in time when the arrest has ended. The court did not define the point in time when the arrest ended, stating only that it clearly had not been crossed in that case.

█ In the absence of further guidance from the Supreme Court or the Seventh Circuit, this court concludes, as did Judge Castillo, that in this Circuit the Fourth Amendment objective reasonableness standard applies to claims of excessive force and other deprivations of liberty interests, including failure to provide medical care, during the period between a warrantless arrest and the probable cause hearing. Accordingly, defendants' motion to dismiss Counts I and III is denied.

Counts V and VI present claims for excessive use of force pursuant to the Fourth and Fourteenth Amendments, respectively. The individual defendants argue that regardless of the standard to be applied, these counts fail to state a claim because the complaint fails to allege any use of force, let alone excessive force. In response, plaintiff asserts that the use of handcuffs when unnecessary can violate either the Fourth or Fourteenth Amendment.

█ Under *Graham,* all claims for excessive force are brought under the Fourth Amendment's objective reasonableness standard. 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Because this court has held above that the Fourth Amendment reasonableness standard applies to plaintiff's claims arising from defendants' actions at the Clark Street Station prior to plaintiff's prob-

able cause hearing, the court cannot hold, as defendants request, that the use of handcuffs is per se reasonable. *See Soares v. State of Connecticut,* 8 F.3d 917, 921 (2d Cir.1993) (*Graham* does not require such a conclusion). As the Seventh Circuit noted in *Estate of Phillips,* 123 F.3d at 592, "due to the fact specific nature of the inquiry, the determination of whether a police officer utilized excessive force depends on the totality of the circumstances surrounding the encounter." When developed, the facts may establish that there was no need to handcuff plaintiff in the manner used by defendants. Accordingly, defendants' motion to dismiss Count V is denied. The motion to dismiss Count VI, which is brought pursuant to the Fourteenth Amendment, is granted.

### Conclusion

For the reasons set forth above, defendants' motion to dismiss Counts I, III and V is denied. Defendants' motion to dismiss Count VI is granted. On the court's own motion, Counts II and IV are dismissed.[1]

---

1. Because the court has held that the Fourth, not the Fourteenth Amendment applies to plaintiffs

claims, Counts II and IV must be dismissed.