Valeria WARREN, Plaintiff,

v.

J. SWANSON, Chicago Police Department Star No. 17115, J. Cooper, Chicago Police Department Star No. 15615, S. Zaehringer, Chicago Police Department Star No. 15644, D. Sakurai, Chicago Police Department Star No. 6573, and W. Clucas, Chicago Police Department Star No. 19890, Defendants.

No. 97 C 8929.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 4, 1999.

David Carl Thomas, Chicago–Kent College of Law, Illinois Institute of Technology, Chicago, IL, for Valeria Warren, plaintiff.

Joseph M. Polick, Josh Michael Engquist, City of Chicago, Department of Law, Chicago, IL, for D. Sakurai, W. Clucas, J. Swanson, J. Cooper, defendants.

Brian L. Crowe, Shefsky, Froelich & Devine, Ltd., Chicago, IL, Irma Valdez, City of Chicago, Law Department Corporation Counsel, Chicago, IL, Michael W. Early, Thomas R. Samson, David Mitchell Zinder, City of Chicago, Department of Law, Chicago, IL, for City of Chicago, S. Zaehringer, defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Valeria Warren was badly burned after a cigarette lighter she had in a coat pocket ignited while she was being processed in a Chicago police station after her arrest for an alleged vehicular misdemeanor. She has brought a three count second amended complaint pursuant to 42 U.S.C. § 1983, against defendant Chicago Police Officers J. Swanson, J. Cooper, D. Sakurai, and W. Clucas, alleging violations of her Fourth Amendment rights. In Count I, plaintiff alleges that defendants acted with unreasonable disregard for her personal safety when they failed to search and/or ensure that plaintiff's person and clothing was thoroughly searched, and then left plaintiff alone in a room handcuffed to a wall. Count II alleges that defendants used excessive force by handcuffing plaintiff to the wall. Count III alleges that Swanson and Cooper failed to properly and reasonably provide care to plaintiff by not attempting to assist her when she was on fire despite hearing her cries for help.

All defendants have moved for summary judgment on Count I, arguing that their actions were objectively reasonable and/or that they are entitled to qualified immunity. Cooper and Swanson also argue that they did not participate in any of the alleged illegal actions. Cooper and Swanson have also moved for summary judgment on Count III, arguing that their actions were reasonable, plaintiff cannot establish that they were deliberately indifferent to her need, and that they are entitled to qualified immunity. For the reasons set forth below, defendants' motions are granted as to Counts I and II and denied as to Count III.

### Facts

On November 21, 1996, plaintiff was arrested for criminal trespass to a motor vehicle. Defendants Sakurai and Clucas were the first officers at the scene. Officer Sakurai searched plaintiff and, pursuant to Chicago Police Department policy, called for a female officer to conduct a more thorough search. Chicago Police Officer Susan Zaehringer arrived and searched plaintiff. No weapons were found and no articles were taken from plaintiff at the time of the search. Plaintiff was taken to the 24th District Police Station on Clark Street. Her left hand was cuffed to the wall of an interrogation room. According to plaintiff, she was questioned in the interview room at various times by each of the defendants. Plaintiff admits that she was screaming and yelling at the officers. Plaintiff further admits that she was told that the longer she would cry the longer it would take to process her. A sergeant then came into the room and told her that if she

was quiet for the next 10 to 15 minutes he would come back and talk to her. She got upset and threw her chair into the door of the interview room. One of the defendants then removed the chair, leaving plaintiff with no chair on which to sit. Defendants Sakurai and Clucas left work at approximately 5:00 to 5:30 p.m., while plaintiff was in the interview room.

While handcuffed to the wall, but after she threw her chair, plaintiff took her coat off her right arm and tried to put it under herself as she began to sit on the floor. Before she got to the ground she noticed a fire, and that she was burning. Plaintiff claims that a cigarette lighter in her coat pocket ignited when she tried to remove her coat. Plaintiff testified in her deposition that she had purchased the lighter a few days prior to the incident and had noticed that the lighter continued to release butane and burn even after attempts to extinguish it. Plaintiff did not tell any of the officers that the lighter was in her pocket.

Plaintiff and defendants offer differing accounts as to what happened next. Plaintiff claims that no one came to help her for approximately 10 to 15 minutes. Defendants claim that officers, including Cooper, went to her assistance as soon as they heard her screams. It is undisputed that a plain clothes officer extinguished the fire with his jacket, and that plaintiff sustained severe injuries as a result of the fire.

### Discussion

In Count I plaintiff alleges that defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures by improperly searching her and failing to discover the lighter, in conjunction with handcuffing her to the wall. Cooper and Swanson argue that they did not conduct the search or handcuff plaintiff to the wall and thus did not participate in the alleged improper conduct. In addition, all defendants claim that the search and handcuffing was reasonable, and even if not, that they are entitled to qualified immunity.

Although it is true, as Cooper and Swanson assert, that liability under § 1983 does not attach unless the individual caused or participated in the constitutional violation, *Payne v. Churchich*, 161 F.3d 1030, 1039 (7th Cir.1998), there are sufficient facts in the record to establish that plaintiff was in Swanson's and Cooper's control at some point at the Clark Street Station. Plaintiff argues that under Chicago Police Department Rules and Regulations any officer accepting custody from another officer is responsible for the safety and security of the arrestee and for conducting a thorough search. Therefore, plaintiff argues that each defendant violated her rights. Of course, violations of Chicago Police Department Regulations do not give rise to an action under § 1983 unless those rights are also guaranteed by the United States Constitution. *See Kraushaar v. Flanigan*, 45 F.3d 1040, 1048–49 (7th Cir.1995).

Therefore, the issue is whether the Fourth Amendment proscription against unreasonable searches and seizures entitles an arrestee to a reasonable search. Neither the plaintiff nor defendant has submitted caselaw addressing this rather interesting proposition. Plaintiff has cited to *Illinois v. Lafayette*, 462 U.S. 640, 645–46, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983), in which the Supreme Court, in sanctioning a station house search as incident to a lawful arrest, stated:

> If an arrestee is taken to the police station, that is no more than a continuation of the custody inherent in the arrest status.... At the station house, it is entirely proper for the police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed.... Arrested persons have been know to injure themselves—or others—with belts, knives, drugs or other items on their person while being detained.

This language suggests that one purpose of a station house inventory search is to protect the arrestee from injury. The case holds, however, only that police can

lawfully conduct an inventory search, not that such searches are required or that officers owe a constitutional duty to the arrestee to conduct a reasonable search. Nor does it define how thorough any such search must be.

 Although interesting, the court need not decide whether the Fourth Amendment guarantees an arrestee the right to be searched in order to decide the pending motion, for even if defendants were constitutionally required to conduct a reasonable search to protect plaintiff, and defendants breached that duty, defendants would nonetheless be entitled to qualified immunity. Generally, governmental officials, including police officers performing discretionary functions, are provided "a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). "In determining whether the right alleged to have been violated was clearly established, the constitutional right must be identified in a particularized sense with respect to the circumstances of the alleged violation." *Casteel v. Pieschek*, 3 F.3d 1050 (7th Cir. 1993) (*quoting Warlick v. Cross*, 969 F.2d 303, 309 (7th Cir.1992)). The plaintiff bears the burden of establishing that the constitutional right allegedly violated was clearly established "before the defendant acted or failed to act." *Id.*

In the instant case, plaintiff has failed to present any authority to suggest a clearly established right to a more invasive search than a pat-down, or that any reasonable police officer would know that handcuffing a loud, abusive arrestee to a wall violated her constitutional rights. Accordingly, all defendants are entitled to qualified immunity on Counts I and II.

Count III is different. In Count III plaintiff alleges that defendants Swanson and Cooper failed to respond to her cries for help. The facts surrounding the incident, particularly with regard to Coo-

per's and Swanson's response to plaintiff's cries, are disputed. There obviously would be no immunity for failing to respond to plaintiff's cries that she was on fire. Cooper and Swanson's argument that plaintiff cannot establish that they were deliberately indifferent to her medical needs is without merit since the court has already held in this case that the Fourth Amendment's reasonableness standard, not the Fourteenth Amendment's deliberate indifference standard, applies. *Warren v. Sakuri*, 9 F.Supp.2d 991 (N.D.Ill.1998). Accordingly, Swanson and Cooper's motion for summary judgment on Count III is denied.

### Conclusion

For the reasons set forth above, defendants' motion for summary judgment on Counts I and II is granted. Defendants Swanson's and Cooper's motion for summary judgment on Count III is denied.